UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM DUTCHER,<br><br>              Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>             Defendant. | Case No.  C04-5506RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT FOR DAMAGES |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of a motion to amend the complaint for damages (Dkt. #37).  After reviewing the record, the undersigned hereby finds and orders as follows:

      Pursuant to Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party."  Id.  Leave to amend "shall be freely given when justice so requires."  Id.  For the reasons set forth below, however, the undersigned finds that justice does not so require.

      Plaintiff filed a *pro se* complaint in this case on October 1, 2004. (Dkt. #6).  On January 7, 2005, he filed a proposed amended complaint, along with a motion for service of that complaint by the United States

Marshals Service. (Dkt. #18 and #19). The court denied that motion, however, as an answer already had been filed in the case, and plaintiff had neither filed a motion to amend his complaint nor sought the consent of defendant do so. (Dkt. #23). The record further indicates that plaintiff took no further action with respect to his proposed amended complaint.

On May 4, 2005, plaintiff's counsel filed a notice of appearance in this case. (Dkt. #30). Both parties filed their respective motions for summary judgment on August 4, 2005. (Dkt. #34 and #35). It was not until August 24, 2005, that plaintiff's counsel filed the current motion to amend the complaint. Plaintiff's counsel argues the court should grant the motion (a) because the proposed amendments will not prejudice defendant, and (b) because it will "clarify the factual nature" of the case.

Although admittedly plaintiff was proceeding with this case *pro se* until he obtained counsel in early May 2004, plaintiff's counsel has not explained why he waited nearly four months after he filed the notice of appearance and nearly three weeks after the summary judgment motions had been filed to seek to amend the original complaint. See Durham v. Kelly, 810 F.2d 1500, 1506 (9th Cir. 1987) (factors to consider in granting leave to amend are delay in making motion to amend and possibility of unduly delaying disposition of case). Discovery has been completed and, as noted above, dispositive motions already have been filed in this case. Thus, allowing plaintiff to amend his complaint now at this late stage in the proceedings would unnecessarily delay this case further.

Plaintiff's argument that defendant will not be prejudiced by allowing the original complaint to be amended also is without merit. While it is true defendant was named in the original complaint, it appears that plaintiff has added new constitutional claims that were not included in the original complaint. See First Amended Complaint for Damages, attached to Motion to Amend the Complaint for Damages, p. 4 (Dkt. #37). In addition, the time to "clarify the factual nature" of this case is well over. As noted above, plaintiff's counsel has not provided any reason why he could not bring his motion earlier, i.e., prior to the completion of discovery in this case and the deadline for filing dispositive motions.

Finally, as discussed in the undersigned's report and recommendation, dated the same date herewith, granting defendant's motion for summary judgment, the liberty interest upon which plaintiff's civil rights claims are premised do not exist. As such, it appears that plaintiff cannot prevail under either his original or his proposed amended complaint. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (district court does

not err in denying leave to amend, where amendment would be futile or amended complaint would be subject to dismissal).  Accordingly, for all of the above reasons, plaintiff's motion to amend the complaint for damages (Dkt. #37) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendant.

DATED this 4th day of October, 2005.

                                          Karen L. Strombom
                                          United States Magistrate Judge